# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN L. RODOPHELE JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY et al.,<br><br>   Defendants. | Case No. 2:19-cv-00351-RFB-NJK<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT** |

## I.  INTRODUCTION

On April 12, 2019, the Court found that the Petition for Removal (ECF No. 1) did not adequately establish the amount in controversy and ordered Defendant to show cause why the Court should not remand the case to state court. The Court has reviewed Defendant's Response and Supplemented Petition (ECF Nos. 10, 11), Plaintiff's Opposition (ECF No. 12), and Defendant's Reply (ECF No. 14).

The Court continues to find the amount in controversy inadequately established and therefore remands this case to state court.

## II.  PROCEDURAL STANDARD

Plaintiff sued Defendant on January 28, 2019 in the Eighth Judicial District Court of Nevada, claiming injuries resulting from Plaintiff falling in Defendant's retail store. In the complaint, Plaintiff seeks general damages in an amount exceeding $15,000, special damages, economic damages, costs and interests, and attorney's fees.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). Indeed, "subject matter jurisdiction can never be waived or forfeited." Gonzalez, 565 U.S. at 134.

A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). When a case is removed solely under 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal. 28 U.S.C. § 1446(b)(2).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a). Speculation regarding the amount in controversy is insufficient to establish removal jurisdiction on the grounds of diversity. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). The Ninth Circuit defines "amount in controversy" as "the amount at stake

in the underlying litigation" which includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotations omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Id. at 648–49.

### III. DISCUSSION

After considering all filings in response to the Court's Order to Show Cause, the Court finds Defendant has failed to adequately establish the amount in controversy required for diversity jurisdiction. The Court finds that the alleged medical damages in this case are approximately $56,740.79 and that Plaintiff has already received $25,000 from a separate policy payment, leaving only $31,740.79 in medical damages liability for Defendant, well below the $75,000 jurisdictional threshold.

Defendant argues that because Plaintiff requested the full $250,000 amount under the policy, this full policy amount is the amount in controversy. While the Court agrees that it is possible Plaintiff would seek this amount in litigation, it is not remotely evident on the face of Plaintiff's complaint. Defendant has not met its burden by a preponderance of the evidence, and because any doubts as to the Court's jurisdiction must be construed against removability, the Court remands this case.

### IV. CONCLUSION

**IT IS ORDERED** that the Petition for Removal (ECF No. 1) is DENIED. This case is remanded to state court and back to the Eighth Judicial District Court, Clark County, Nevada, Case Number A-18-783767-C. The Clerk of Court is directed to close this case.

DATED: April 25, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**